UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AO VENTURES, LLC,<br><br>          Plaintiff,<br><br>  v.<br><br>ARMANDO GUTIERREZ, et al.,<br><br>          Defendants. | Case No. 12-04625 JCS<br><br>**AMENDED ORDER RE MOTIONS TO DISMISS [Docket Nos. 15, 22]**[1] |

## I. INTRODUCTION

Plaintiff AO Ventures, LLC ("AO Ventures") alleges in its complaint that it entered into an agreement with Defendant Armando Gutierrez for the purchase of the domain name StudyingAbroad.com ("the Domain Name") for the amount of $14,500. Complaint, ¶ 14. Instead of transferring the Domain Name to AO Ventures, Plaintiff alleges, Gutierrez transferred it to Defendant CEA Global Education ("CEA"). On the basis of these allegations, AO ventures asserts claims for breach of contract, specific performance and fraud against Gutierrez and for intentional interference with contract against CEA. Plaintiff alleges that there is federal subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Gutierrez brings a motion to dismiss ("Gutierrez Motion ") asserting that: 1) there is no personal jurisdiction over Gutierrez, who is a resident of Florida; 2) there is no subject matter jurisdiction because it is apparent to a legal certainty that the amount-in-controversy requirement

---

[1] The Court amends its previous order to reflect that dismissal of Plaintiff's complaint is *without* prejudice.

Second, Plaintiff offers no basis from which to conclude that either the development costs or the costs of retaining an expert were incurred as a result of Defendant's failure to transfer the Domain Name to Plaintiff. Indeed, all but two months of the development expenditures (approximately $10,000 based on Plaintiff's estimate of $5,000 a month) were incurred *after* Gutierrez allegedly cancelled the transaction, on May 17, 2012. *See* Complaint, ¶ 19. Similarly, the Alexander Declaration does not state that *any* of the costs to retain the expert were incurred before the alleged breach. Because consequential damages resulting from a breach of contract must be reasonably foreseeable at the time the contract was entered, *see 999 v. CIT Corp.*, 776 F.2d 866, 872 (9th Cir. 1985), this evidence is not sufficient to counter the evidence presented by Gutierrez as to the amount in controversy.

Based on the evidence presented by the parties, it is apparent to a legal certainty that the $75,000 amount-in-controversy requirement is not met in this case.

## III. CONCLUSION

For the reasons stated above, the Gutierrez Motion is GRANTED. The Court dismisses this action, in its entirety, without prejudice for lack of subject matter jurisdiction. Because the Court finds based on the evidence presented by the parties that this deficiency cannot be cured, Plaintiff shall not be permitted to file an amended complaint. The Clerk is instructed to close the file in this case.

IT IS SO ORDERED

Dated: December 18, 2012

_____
Joseph C. Spero
United States Magistrate Judge

5