UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AO VENTURES, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>ARMANDO GUTIERREZ, et al.,<br><br>             Defendants. | Case No. 12-04625 JCS<br><br>**AMENDED ORDER RE MOTIONS TO DISMISS  [Docket Nos. 15, 22]**[1] |

## I.    INTRODUCTION

Plaintiff AO Ventures, LLC ("AO Ventures") alleges in its complaint that it entered into an agreement with Defendant Armando Gutierrez for the purchase of the domain name StudyingAbroad.com ("the Domain Name") for the amount of $14,500.  Complaint, ¶ 14.  Instead of transferring the Domain Name to AO Ventures, Plaintiff alleges, Gutierrez transferred it to Defendant CEA Global Education ("CEA").  On the basis of these allegations, AO ventures asserts claims for breach of contract, specific performance and fraud against Gutierrez and for intentional interference with contract against CEA.  Plaintiff alleges that there is federal subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Gutierrez brings a motion to dismiss ("Gutierrez Motion ")  asserting that: 1)  there is no personal jurisdiction over Gutierrez, who is a resident of Florida; 2) there is no subject matter jurisdiction because it is apparent to a legal certainty that the amount-in-controversy requirement

---

[1] The Court amends its previous order to reflect that dismissal of Plaintiff's complaint is *without* prejudice.

United States District Court  
Northern District of California

is not met; and 3) a forum selection clause in the registration agreement makes clear that litigation must be conducted in Broward County, Florida.

CEA brings a motion to dismiss ("CEA Motion") asserting that the allegations of intentional interference with contract are too conclusory to state a claim under Rule 12(b)(6). CEA further asserts that AO Ventures cannot cure this deficiency because CEA did not, in fact, know anything about the agreement between Gutierrez and AO Ventures for the purchase of the domain name -- a required element to state a claim for intentional interference with contract. CEA also asserts, in a footnote, that there is no subject matter jurisdiction because it is clear that the amount is controversy requirement is not satisfied.

The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).   The Court finds that the Motions are suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b), and **therefore vacates the December 21, 2012 hearing**.   The Court concludes that the amount-in-controversy requirement is not met and therefore GRANTS the Gutierrez Motion on that basis and dismisses Plaintiff's complaint in its entirety.[2]

## II.    ANALYSIS

### A.  Legal Standard

Gutierrez seeks dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits a defendant to seek dismissal on the basis of lack of subject matter jurisdiction.  The Complaint in this action asserts that there is federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Under that provision, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  It is undisputed that the parties to this action are citizens of different states.  Therefore, diversity jurisdiction exists if Plaintiff has met the amount-in-controversy requirement.

---

[2] Because the court finds there is no subject matter jurisdiction over this action, the Court need not rule on the CEA Motion.

United States District Court
Northern District of California

1  To determine whether the amount-in-controversy requirement is  met, courts apply the "legal

2 certainty" test:  "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the

3 plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like

4 certainty that the plaintiff never was entitled to recover that amount, and that his claim was

5 therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul*

6 *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  "[T]he legal impossibility of

7 recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.

8 If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in

9 favor of the subjective good faith of the plaintiff."  *McDonald v. Patton*, 240 F.2d 424, 426 (4th

10 Cir. 1957).

11  A  motion to dismiss based on lack of subject matter jurisdiction can be either "facial" or

12 "factual."  *See, e.g., White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where a defendant brings

13 a facial challenge, that is, a challenge to the court's subject matter jurisdiction based on the

14 allegations in the complaint, the court conducts an inquiry that is "analogous to a 12(b)(6)

15 motion." *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987).  On the other hand, "[i]f

16 the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or

17 other evidence properly brought before the court, the party opposing the motion must furnish

18 affidavits or other evidence necessary to satisfy its burden of establishing subject matter

19 jurisdiction.'"  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for*

20 *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (quoting *Savage v. Glendale Union High*

21 *Sch*., 343 F.3d 1036, 1039 n. 2 (9th Cir.2003), cert. denied, 541 U.S. 1009, 124 S.Ct. 2067, 158

22 L.Ed.2d 618 (2004)).  The district court may review this evidence without converting the motion

23 to dismiss into a motion for summary judgment.  *Safe Air for Everyone*, 373 F.3d at 1039.

24 Where a party brings a factual challenge to subject matter jurisdiction, the court does not presume

25 that the factual allegations in the complaint are true.  *Id*.  However, a court may not resolve

26 genuinely disputed facts where the question of jurisdiction is dependent on the resolution of

27 factual issues going to the merits.  *Id*.

28  **B.  Summary of Evidence Submitted on Amount in Controversy**

Gutierrez brings a factual challenge to the existence of subject matter jurisdiction, citing not only the  amount Plaintiff agreed to pay for the Domain Name, that is $14,500, but also emails from the individual who negotiated the agreement on behalf of Plaintiff stating that the Domain Name was worth less than $15,000.  *See* Declaration of Armando Gutierrez, Jr. in Support of his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) ("Gutierrez Decl.), ¶ 4 & Ex. 1(emails).

Plaintiff, in turn, cites evidence that a similar domain name, onlineeduction.com, sold for $100,000 in 2009, in support of the contention that the Domain Name "can be valued in excess of $75,000."  Declaration of Alex Alexander in Support of Opposition to Armando Gutierrez, Jr.'s Motion to Dismiss ("Alexander Decl."), ¶ 13.  In addition, Plaintiff presents evidence that "[f]rom approximately two months before May 2, 2012 when escrow was initiated [in connection with Plaintiff's agreement to purchase the Domain Name] until today, AO ventures has invested over eight months of design, programming and business development efforts in building out the studying abroad business."  *Id*, ¶ 11.  Mr. Alexander estimates that the value of these efforts is approximately $5,000 per month, for a total of $40,000.  *Id*.  He further states that AO Ventures has retained an expert in the studying abroad market and that the cost of the expert over the last eight months to date was $40,000.  *Id*., ¶ 12.

**C.  Application of the Law to the Facts**

Because Defendant Gutierrez presented evidence going to the amount in controversy, Plaintiff was required to come forth with evidence demonstrating that the legal certainty  test is not met. Plaintiff failed to do so.

First, Plaintiff's vague statement that the Domain Name "can be valued in excess of $75,000" based on another Domain Name that was sold in 2009 is not credible.  Plaintiff offers no explanation for its dramatic change in position in comparison to the opinion stated by Mr. Alexander in early 2012, when he was negotiating to purchase the Domain Name on behalf of AO Ventures, that the Domain Name was not worth even $15,000.    Rather, it is apparent to the Court that this new-found opinion is simply an attempt to manufacture subject matter jurisdiction and is not made in good faith.

United States District Court

Second, Plaintiff offers no basis from which to conclude that either the development costs or the costs of retaining an expert were incurred as a result of Defendant's failure to transfer the Domain Name to Plaintiff.  Indeed, all but two months of the development expenditures (approximately $10,000 based on Plaintiff's estimate of $5,000 a month) were incurred *after* Gutierrez allegedly cancelled the transaction, on May 17, 2012.  *See* Complaint, ¶ 19.  Similarly, the Alexander Declaration does not state that *any* of the costs to retain the expert were incurred before the alleged breach.  Because consequential damages resulting from a breach of contract must be reasonably foreseeable at the time the contract was entered, *see 999 v. CIT Corp.*, 776 F.2d 866, 872 (9th Cir. 1985), this evidence is not sufficient to counter the evidence presented by Gutierrez as to the amount in controversy.

Based on the evidence presented by the parties, it is apparent to a legal certainty that the $75,000 amount-in-controversy requirement is not met in this case.

## III.   CONCLUSION

For the reasons stated above, the Gutierrez Motion is GRANTED.  The Court dismisses this action, in its entirety, without prejudice for lack of subject matter jurisdiction.  Because the Court finds based on the evidence presented by the parties that this deficiency cannot be cured, Plaintiff shall not be permitted to file an amended complaint.  The Clerk is instructed to close the file in this case.

IT IS SO ORDERED

Dated: December 18, 2012

_____
Joseph C. Spero
United States Magistrate Judge